Rawle Gerard Suite
BK# 1600001427
Santa Ana Jail M-88
P.O. Box 22003
Santa Ana CA 92702

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT CALIFORNIA
## SOUTHERN DIVISION



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
OCT 24 2016
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY



RECEIVED BUT NOT FILED
OCT 24 2016

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>FRANK J. COLLINS, et al.<br><br>Defendants. | Case No. 8:16-cv-01461-AG-JCG<br><br>**MEMORANDUM TO STAY PROCEEDINGS** |

### DEFENDANT'S MEMORANDUM TO STAY PROCEEDINGS RELATED TO PLAINTIFF'S MOTION FOR DISCOVERY MATERIAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(F).

The pro se defendant herein, Gerard Suite, ("defendant") hereby moves the Court to stay any proceedings related to plaintiff's Motion for Joint Report under Rule 26(f), filed October 13, 2016, until during the pendency of the defendant's criminal case.

### PRO SE LITIGANT

There are decisions in virtually every federal circuit that repeatedly proclaim that pro se petitions should be construed liberally and that pro se petitioners should be held to less stringent standards than lawyers. [See Haines v. Kerner (1972) 404 U.S. 519. See also Price v.

Johnston (1948) 334 U.S. 266, 292; Chase v. Crips (10th Cir. 1975) 523 F.2d 595, 597; Curtis v. Illinois (7th Cir. 1975) 512 F2d 717; Ham v. North Carolina (4th Cir. 1973) 471 F.2d 406, 407; Hairston v. Alabama (5th Cir. 1972) 465 F.2d 675, 678 n5; Turrell v. Perini (6th Cir. 1969) 414 F.2d 1231, 1233; Montgomery v. Brierly (3rd Cir. 1969) 414 F.2d 552; Pembrook v. Wilson, (9th Cir. 1966) 370 F.2d 37, 40; Whittaker v. Overholster (D.C. Cir. 1962) 299 F.2d 447, 448.]

This right is also protected under the First Amendment Free Speech Clause. And within those rights, the pro se litigant's court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999).

## BACKGROUND

The defendant was arrested by members of the Federal Bureau of Investigation ("FBI") and was charged with, inter alia, wire fraud. The defendant retained counsel and was arraigned in U. S. District Court, District of California, Southern Division, Docket No. 8:2016-cr-00069. Subsequent to the defendant's arraignment, the defendant's attorney advised the defendant not to conduct any conversations or surrender any documents to the government without his direct

authorization and oversight. Cognizant that there was pending civil litigation pending in a parallel investigation being conducted by the U.S. Commodity Futures Trading Commission (the "Commission"), the defendant's defense attorney subsequently contacted the Commission's attorney and advised her that the defendant was engaged in a criminal matter and would not be available to discuss the civil matter until the criminal matter was terminated. Notwithstanding this notice from the defendant's attorney, on/about October 13, 2016, the Commission's attorney filed a Joint Report under Federal Rule of Civil Procedure 26(f) filed under Docket No. 8:16-cv-01461-AG-JCG. By filing this motion, the Commission, in essence, is attempting to have the defendant make statements against his penal interest and turn over potential evidentiary material to the government in a civil matter that could have an adverse impact in his pending criminal proceeding.

Reference is made to civil docket report 8:16-cv-01461-AG-JCG, Document 29, pages 3-4. Beginning at line 27 on page 3, the Commission's attorney states in pertinent part:

> " *In a parallel criminal case, Suite was charged with four counts of wire fraud. The scheme underlying the criminal wire fraud action is based on substantially the same facts as alleged in the Commission's enforcement action.*"

Therefore, it is obvious that the Commission is using the civil matter in a not-so-veiled attempt to glean statements and possible evidentiary material that could be used against the defendant is a pending criminal matter. In that the defendant cannot afford an attorney in the civil matter while the criminal case remains pending, this is arguably an egregious attempt to violate the defendant's 5th Amendment rights against self-incrimination.

## ARGUMENT

Defendant's request to stay proceedings on plaintiff's Motion for a 26(f) Joint Report is grounded in a well-established principle of law. Specifically, every court has "inherent" power to exercise its discretion to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); accord United States v. Western Electric Co., Inc., 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995) ("a trial court has inherent power to control the sequence in which it hears matters on it calendar . . . ").

## CONCLUSION

For the foregoing reasons, this Court should grant defendants' motion to stay further proceedings on plaintiff's motion pending the Court's determination in the defendant's related and "parallel" criminal matter .

Dated: October 20, 2016

                                        Respectfully submitted,

                                        /s/ **Gerard Suite**
                                        *Pro se* Defendant