UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01461 AG (JCGx) | Date | September 5, 2017 |
|---|---|---|---|
| Title | UNITED STATES COMMODITY FUTURES TRADING COMMISSION v. FRANK J. COLLINS, ET AL. | | |

Present: The Honorable ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

**Proceedings:** **[IN CHAMBERS] ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**

This matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b). The Court VACATES the September 11, 2017 hearing on this motion.

The U.S. Commodity Futures Trading Commission filed this civil action against Defendants Frank J. Collins, Gerard Suite (also known as "Rawle Gerard Suite," "Jerry Suite," or "Jerry Snead"), and STA Opus NR LLC for alleged violations of the of the Commodity Exchange Act (the "CEA"), *see* 7 U.S.C. § 1 *et seq*. According to the allegations in the complaint, Collins and Suite, operating through STA Opus, "fraudulently solicited and accepted at least $1.6 million from at least 30 customers for operating a commodity pool to trade commodity futures contracts on their behalf." (Compl., Dkt. No. 1 at 2.) For those alleged unlawful acts, among others, the Commission charged Defendants with numerous violations of the anti-fraud and registration provisions of the CEA, along with its associated regulations. (*Id.* at 14–23.) *See* 7 U.S.C. §§ 6b(a)(1)(A)–(C), 6*o*(1), 9(1), and 17 C.F.R. § 180.1(a); *see also* 7 U.S.C. §§ 6m(1), 6k(2).

Defendant Collins is represented by counsel, has filed an answer, and appears determined to litigate this case on the merits. Although Defendants Suite and STA Opus were served with process, they failed to make an appearance, file an answer, or otherwise present a defense by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01461 AG (JCGx) | Date | September 5, 2017 |
|---|---|---|---|
| Title | UNITED STATES COMMODITY FUTURES TRADING COMMISSION v. FRANK J. COLLINS, ET AL. | | |

motion. The Clerk accordingly entered default in October 2016, *see* Fed. R. Civ. P. 55(a), and now, the Commission has applied for judicial entry of default judgment, *see* Fed. R. Civ. P. 55(b)(2).

But default judgment isn't awarded as a matter of right. *See PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). As the Ninth Circuit has long held, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Before granting an application for default judgment, courts in this district must enforce the procedural safeguards of Federal Rule of Civil Procedure 55(b)(2), ensure the plaintiff's compliance with Local Rule 55-1, and apply the various court-created factors listed in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Even after granting an application for default judgment, courts are sometimes asked to set aside the default at the eleventh hour. *See* Fed. R. Civ. P. 55(c), 60(b). Ultimately, a district court's authority in this area is highly discretionary. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).

On top of all that, this Court often has concerns about lengthy proposed orders that contain permanent injunctions, require the payment of civil monetary penalties, and provide other equitable relief. The parties are encouraged to review those concerns, discussed in *United States Commodity Futures Trading Comm'n v. Intelligent Trades, LLC*, SACV 16-00020 AG (DFMx), 2016 WL 6078718, at *1 (C.D. Cal. Oct. 12, 2016). Remember that an order or judgment may be enforced though contempt proceedings, which may lead to escalating sanctions and, eventually, imprisonment.

The Court is mindful that "the adversary process has been halted because of an essentially unresponsive party," and default judgment is designed to protected diligent plaintiffs from "interminable delay and continued uncertainty." *See H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). But after reviewing the application and supporting papers in this case, the Court isn't convinced that the Commission has engaged with all of the requirements just described. For example, it appears that the Commission has failed to discuss the *Eitel* factors, or provide the declaration required by Local Rule 55-1. These concerns are heightened because Suite is incarcerated and representing himself.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01461 AG (JCGx) | Date | September 5, 2017 |
|---|---|---|---|
| Title | UNITED STATES COMMODITY FUTURES TRADING COMMISSION v. FRANK J. COLLINS, ET AL. | | |

The irregularities discussed in this order preclude an entry of default judgment at this time. The Court thus DENIES the Commission's application for default judgment WITHOUT PREJUDICE. (Dkt. No. 49.) The Commission may re-file its application for default judgment consistent with the Court's concerns.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |