Diane M. Romaniuk, Illinois Bar #0341649
dromaniuk@cftc.gov
Robert T. Howell, Illinois Bar #6286438
rhowell@cftc.gov
Rosemary Hollinger, Illinois Bar #3123647
rhollinger@cftc.gov
Attorneys for Plaintiff
U.S. Commodity Futures Trading Commission
525 W. Monroe, Suite 1100
Chicago, Illinois 60661
Tel. 312-596-0700; Fax 312-596-0714

Kent Kawakami, CA. Bar No. 149803
kent.kawakami@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
Central District of California - Civil Division
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012
Telephone: (213) 894-4858; Facsimile: (213) 894-2380
Local Counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION<br>Plaintiff,<br>vs.<br>FRANK J. COLLINS, et al.<br>Defendants. | Case 8:16-cv-01461 AG-JCG<br><br>Hon. Andrew J. Guilford<br><br>**CONSENT ORDER OF PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT COLLINS AND ORDER DISMISSING COUNTS II,** |

1

) **III AND V OF THE**
) **COMPLAINT AGAINST**
) **DEFENDANT COLLINS**
)
)

## I. INTRODUCTION

On August 8, 2016, Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), filed a Complaint against Defendants Frank J. Collins ("Collins" or "Defendant"), Gerard Suite, a/k/a Rawle Gerard Suite, a/k/a Jerry Suite, a/k/a Jerry Snead ("Suite") and STA Opus NR LLC ("STA Opus") for violations of the anti-fraud provisions of the Commodity Exchange Act (the "Act") and Commission Regulations ("Regulations"), Sections 4b(a)(1)(A)-(C), 4o(1) and 6(c)(1) of the Act, 7 U.S.C. §§ 6b(a)(1)(A)-(C), 6o(1) and 9(1) (2012), and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2016), and the registration provisions of the Act, Sections 4k(2) and 4m(1) of the Act, 7 U.S.C. §§ 6k(2), 6m(1) (2012).

## II. CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against Defendant Collins, without a trial on the merits or any further judicial proceedings, Collins:

1. Consents to the entry of this Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Defendant Collins and Order Dismissing Counts II, III and V of the Complaint ("Consent Order");

2. Affirms that he has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1 (2012);

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1-26 (2012);

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012);

7. Waives:

(a) any and all claims that he may possess under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 (2012) and 28 U.S.C. § 2412 (2012), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2017), relating to, or arising from, this action;

(b) any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996 ("SBREFA"), Pub. L. No.

104-121, §§ 201-53, 110 Stat. 847, 857-68 (1996) (codified in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

(c) any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

(d) any and all rights of appeal from this Consent Order;

8. Consents to the continued jurisdiction of this Court over him for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendant Collins now or in the future resides outside the jurisdiction of this Court;

9. Agrees that he will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

10. Agrees that neither he nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect his (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the

Commission is not a party. Collins shall undertake all steps necessary to ensure that all of his agents and/or employees under his authority or control understand and comply with this agreement;

11. By consenting to the entry of this Consent Order, Collins neither admits nor denies the allegations of the Complaint or the Findings of Fact and Conclusions of Law in this Consent Order, except as to jurisdiction and venue, which he admits. Further, Collins consents to the use of the findings and conclusions in this Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect, without further proof. Collins does not consent, however, to the use of this Consent Order, or the findings and conclusions herein, as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than a) a statutory disqualification proceeding; b) a proceeding in bankruptcy, or receivership; or c) a proceeding to enforce the terms of this Order.

12. Agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 46 of Part VI of this Consent Order of any bankruptcy proceeding filed by, on behalf of, or against him, whether inside or outside of the United States; and

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Collins in any other proceeding.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

14. The Court, being fully advised in the premises, finds that there is good cause for entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), as set forth herein. The findings and conclusions in this Consent Order are not binding on any other party to this action.

**THE COURT HEREBY FINDS:**

### A. FINDINGS OF FACT

15. The Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1-26 (2012), and the Commission's Regulations promulgated thereunder, 17 C.F.R. pt. 1-90 (2017).

16. Defendant Collins is 67 years old and resides in Tustin, CA. Between December 1999 and November 2008, Collins was registered with the Commission as an associated person ("AP") of six introducing broker ("IB") firms and one

futures commission merchant ("FCM"). Since December 2008, Collins has not been registered with the Commission in any capacity.

17. Beginning in late 2012 and continuing through early 2016 ("relevant period"), Collins entered into a working relationship with Defendant Suite, to help him get a new business, STA Opus, off the ground. Specifically, Suite asked Collins to open two bank accounts for Defendant STA Opus, which Suite advised Collins involved refinancing and "cleaning up" people's credit; Suite also advised Collins that he needed Collins to open the bank accounts because Suite's own credit was bad.

18. On October 4, 2012, Collins went to J.P. Morgan Chase Bank ("Chase") with Suite and opened two bank accounts, in the name of STA Opus. One bank account ended in nos. 2790 (the "2790 account") and the other bank account ended in nos. 3380 (the "3380 account"). Collins signed the Business Depository Resolutions and the Signature cards for the 2790 and 3380 accounts as Manager and Member of STA Opus. Collins was the only signatory for the 2790 and 3380 accounts.

19. The monthly bank statements for the 2790 and 3380 accounts were sent to Collins, at his residence in Tustin, CA. While Collins received the monthly bank account statements for the 2790 and 3380 bank accounts, Collins claims he never opened any of the bank statements and, instead, gave all the statements to

7

Suite. Collins did receive text messages from Chase notifying him when the Chase bank accounts were in debit status. After receiving these text messages, Collins would advise Suite when the bank accounts were negative.

20. Collins received bank checks for the 2790 and 3380 bank accounts at Chase, and at Suite's request he periodically signed blank checks that he gave to Suite.

21. STA Opus solicited customers through telephone solicitation and email correspondence to invest in commodity futures. In particular, customers and prospective customers were sent emails from "jerry s" at the email address tbtanalysis@cox.net, containing monthly and yearly performance charts for STA Opus' commodity pool that falsely represented the pool's trading performance.

22. Commodity trading accounts were opened electronically in the name of STA Opus at Knight Capital Americas LLC ("Knight"), a registered FCM, using Collins' driver's license and identifying Collins as STA Opus' President. Subsequent account statements were sent electronically to STA Opus, not Collins.

23. After prospective customers expressed an interest in investing in STA Opus' commodity pool, they were sent Account Funding Instructions that directed them to wire their investment funds to STA Opus' account ending in 2790 at Chase Bank or to issue checks payable to STA Opus NR LLC, at an address in Irvine, CA.

24. At least 30 individuals transferred a total of approximately $1.6 million to STA Opus' bank account ending in Nos. 2790 at Chase for purposes of investing in STA Opus' commodity pool and only $85,657 was returned to customers.

25. Neither Collins nor Suite ever deposited any of their own monies into STA Opus' two bank accounts, which were funded with customers' investments. Both Collins and Suite had debit cards linked to STA Opus' two Chase accounts and they used those debit cards to make personal purchases or to withdraw monies from STA Opus' accounts.

26. Collins withdrew at least $50,000 from STA Opus' bank accounts, which were funded with customers' monies, by either check, cash withdrawals, or purchases made with his debit card.

B. **CONCLUSIONS OF LAW**

**Jurisdiction and Venue**

27. This Court has jurisdiction over this action pursuant to Section 6c(a) of the Act, as amended, 7 U.S.C. § 13a-1(a), which authorizes the Commission to seek injunctive relief in a U.S. district court against any person whenever it appears that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order promulgated thereunder.

28. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, 7 U.S.C. § 13a-1(e), because Collins transacted business in this District, and the acts and practices in violation of the Act occurred within this District.

**Collins Violated Sections 4b and 6(c) of the Act and Regulation 180.1**

29. Collins violated Section 4b(a)(1)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(1)(A),(C) (2012), by knowingly or recklessly misappropriating at least $50,000 of customers' funds.

30. Collins violated Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012), and Regulation 180.1(a), 17 C.F.R. § 180.1(a), by knowingly or recklessly misappropriating at least $50,000 of customers' funds.

## IV. ORDER OF PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

31. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), Defendant Collins is permanently restrained, enjoined, and prohibited from directly or indirectly:

> A. Cheating or defrauding, or attempting to cheat or defraud, other persons; or willfully deceiving, or attempting to deceive, other persons, in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of such other persons, in violation of Section 4b(a)(1)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(1)(A)(C) (2012); and

B.  Using or employing, or attempting to use or employ, any manipulative device, scheme, or artifice to defraud; making, or attempting to make, any untrue or misleading statement of a material fact or omitting to state a material fact necessary in order to make the statements made not untrue or misleading; or engaging, or attempting to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit on other person, in connection with any swap, or a contract of sale of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity, in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012), and Regulation 180.1(a), 17 C.F.R § 180.1(a) (2017).

32. Collins is also permanently restrained, enjoined, and prohibited from directly and indirectly:

A.  Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012);

B.  Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2017)), for his own personal account or for any account in which he has a direct or indirect interest;

C.  Having any commodity interests traded on his behalf;

D.  Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

E.  Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

F.  Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017); and/or

G. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2017)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017).

## V. RESTITUTION AND CIVIL MONETARY PENALTY

### A. RESTITUTION

33. Collins shall pay restitution in the amount of fifty thousand dollars ($50,000) ("Restitution Obligation"), plus post-judgment interest. Post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2012).

34. To effect payment of the Restitution Obligation and the distribution of any restitution payments to the defrauded STA Opus customers, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall collect restitution payments from Collins and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

35. Collins shall make Restitution Obligation payments under this Order to the Monitor in the name "Collins – Restitution Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal

money order, certified check, bank cashier's, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendant and the name and docket number of this proceeding. Collins shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

36. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in any equitable fashion to STA Opus' defrauded customers or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimus* nature such that the Monitor determines that the administrative cost of making a distribution to customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Part B below.

37. Collins shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate. Collins shall execute any documents necessary to release funds that he has in any repository,

bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

38. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to STA Opus' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

39. The amount payable to a customer shall not limit the customer's ability from proving that a greater amount is owed from Collins or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of customers that exist under state or common law.

40. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, all STA Opus customers are explicitly made intended third-party beneficiaries of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Collins to ensure continued compliance with any provision of this Order and to hold Collins in contempt for any violation of any provision of this Order.

41. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Collins' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

B. **CIVIL MONETARY PENALTY**

42. Collins shall pay a civil monetary penalty in the amount of fifty thousand dollars ($50,000) ("CMP Obligation"), plus post-judgment interest. Post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2012).

43. Collins shall pay his CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivables
> DOT/FAA/MMAC/AMZ-341
> CFTC/CPS/SEC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-7262 office
> (405) 954-1620 fax
> Nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, Collins shall contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Collins shall accompany payment of the CMP Obligation with a cover letter that identifies Collins and the name and docket number of this proceeding. Collins shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

C. **PROVISIONS RELATED TO MONETARY SANCTIONS**

44. Partial Satisfaction: Acceptance by the Commission or the Monitor of any partial payment of Collins' Restitution Obligation or CMP Obligation shall not be deemed a waiver of his obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

45. Cooperation: Defendant Collins shall cooperate fully and expeditiously with the CFTC, including the CFTC's Division of Enforcement, and any other governmental agency in this action, and in any investigation, civil litigation or administrative matter related to the subject matter of this action or any current or future Commission investigation related thereto.

## VI. MISCELLANEOUS PROVISIONS

46. Notice: All notices required to be given by any provision of this Order shall be sent by certified mail, return receipt requested as follows:

> Notice to the Commission:
> Director, Division of Enforcement, Commodity Futures Trading Commission,
> Three Lafayette Centre, 1155 21st Street, NW,
> Washington, D.C. 20581.
>
> Notice to NFA:
> Daniel Driscoll, Executive Vice President, COO
> National Futures Association
> 300 S. Riverside Plaza, Suite 1800
> Chicago, IL 60606-3447

All such notices to the Commission or the NFA shall reference the name and the docket number of the action.

47. Change of Address/Phone: Until such time as Collins satisfies his Restitution and CMP Obligations as set forth in this Order, Collins shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten (10) calendar days of the change.

48. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

49. Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

50. Waiver: The failure of any party to this Consent Order or of any customer at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

51. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action in order to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendant Collins to modify or for relief from the terms of this Consent Order.

52. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon Defendant Collins, upon any person under his authority or control, and upon any person who receives actual notice of this Consent Order, by personal service, e-mail, facsimile

or otherwise insofar as he or she is acting in active concert or participation with Defendant.

53. **Counterparts and Facsimile Execution:** This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

54. **Contempt:** Defendant Collins understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings he may not challenge the validity of this Consent Order.

55. **Agreements and Undertakings:** Defendant Collins shall comply with all of the undertakings and agreements set forth in this Consent Order.

56. In order to effect settlement of all charges in the Complaint, the parties agree and the Court directs that Counts II, III and V of the Complaint against Defendant Collins be dismissed with prejudice.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction, Civil Monetary

Penalty and Other Equitable Relief Against Defendant Collins and Order Dismissing Counts II, III and V of the Complaint against Defendant Collins with prejudice.

**IT IS SO ORDERED** on this __13th__ day of ____September____ 2017.

_____
Andrew J. Guilford
United States District Judge

**CONSENTED TO AND APPROVED BY:**

Diane M. Romaniuk
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, IL 60661
(312) 596-0541
dromaniuk@cftc.gov

Frank J. Collins

_____
Frank J. Collins

Date: July 20, 2017

Approved as to form:

By: _____
Darryl C. Sheetz
Attorney for Defendant Collins
Law offices of Darryl C. Sheetz
335 Centennial Way, Suite 100
Tustin, CA 92780
(949) 553-0300