UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-01461 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | UNITED STATES COMMODITY FUTURES TRADING COMMISSION v. FRANK J. COLLINS, ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT

This matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b). The Court VACATES the November 13, 2017 hearing on this motion.

The U.S. Commodity Futures Trading Commission filed this civil action against Defendants Frank J. Collins, Gerard Suite (also known as "Rawle Gerard Suite," "Jerry Suite," or "Jerry Snead"), and STA Opus NR LLC for alleged violations of the of the Commodity Exchange Act, *see* 7 U.S.C. § 1 *et seq.* According to the allegations in the complaint, Collins and Suite, operating through STA Opus, "fraudulently solicited and accepted at least $1.6 million from at least 30 customers for operating a commodity pool to trade commodity futures contracts on their behalf." (Compl., Dkt. No. 1 at 2.) For those alleged unlawful acts, among others, the Commission charged Defendants with numerous violations of the anti-fraud and registration provisions of the Commodity Exchange Act, along with its associated regulations. (*Id.* at 14–23.) *See* 7 U.S.C. §§ 6b(a)(1)(A)–(C), 6*o*(1), 9(1), and 17 C.F.R. § 180.1(a); *see also* 7 U.S.C. §§ 6m(1), 6k(2).

The Court previously entered a consent order dismissing the Commission's claims against Collins. (Dkt. No. 55.) Although Defendants Suite and STA Opus were served with process, they failed to make an appearance, file an answer, or otherwise present a defense by motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01461 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | UNITED STATES COMMODITY FUTURES TRADING COMMISSION v. FRANK J. COLLINS, ET AL. | | |

The Clerk accordingly entered default on October 6, 2016. (Dkt. No. 28.)

After that, on October 24, 2016, Suite, acting without an attorney, filed a "Memorandum to Stay Proceedings Related to Plaintiff's Motion for Discovery Material Pursuant to Federal Rules of Civil Procedure 26(F)". (Dkt. No. 35.) The Court denied that motion. (Dkt. No. 36.) Since then, Suite has not appeared or filed any other documents in this case, and more importantly has not asked the Court to set aside the entry of default.

So on August 3, 2017, the Commission applied for judicial entry of default judgment against both Suite and STA. (Dkt. No. 49.) Because the Commission had not followed the procedural requirements for filing that application, among other reasons, the Court denied it with leave to refile. (Dkt. No. 53.) The Commission has now reapplied default judgment, saying it has remedied the previous application's shortcomings.

Although cases should be decided on their merits whenever possible, *see Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984), the Court concludes that default judgment is appropriate here. Accordingly, the Court GRANTS the motion for a default judgment. (Dkt. No. 58.) The Court will sign and issue the Commission's Proposed Order for Final Judgment after issuing this order. Still, the Commission should be aware, generally, of the concerns the Court identified in *United States Commodity Futures Trading Comm'n v. Intelligent Trades, LLC*, SACV 16-00020 AG (DFMx), 2016 WL 6078718 (C.D. Cal. Oct. 12, 2016).

**1. LEGAL STANDARD**

After the clerk's entry of default, a court may enter default judgment. On an application for default judgment, a court considers the procedural requirements of Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 of the Central District of California, along with several court-created factors. Ultimately, a district court's decision to enter default judgment is discretionary. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Allegations in a complaint are taken as true, except those relating to damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-01461 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | UNITED STATES COMMODITY FUTURES TRADING COMMISSION v. FRANK J. COLLINS, ET AL. | | |

## 2. BACKGROUND

So here, the Court will take the allegations in the Commission's complaint as true.

From January 2013 up until the Commission filed its complaint in this case in August 2016, Collins and Suite, through STA Opus, "fraudulently solicited and accepted at least $1.6 million from at least 30 customers for the purposes of operating a commodity pool to trade commodity futures contracts on their behalf." (Compl. Dkt. No. 1 at 2.) Defendants traded some of that money through futures trading accounts in STA Opus's name. (*Id.*)

While soliciting investors, Collins and Suite didn't disclose that "sanctions were entered against Suite revoking his registration with the . . . Commission . . . enjoining him from violating the California Corporation Act, and ordering him and entities acting in concert with him to pay $2.5 million in restitution and fines for conducting business as an unregistered investment advisor in California." (*Id.*) Collins and Suite also "falsely represent[ed] that STA Opus' pool had positive annual rates of return during the relevant period," even though three of the company's "commodity futures trading accounts had a negative return, losing virtually all of the funds Defendants committed to trading." (*Id.*) Collins and Suite also issued "false account statements to participants that misrepresented the value of the participants' respective interest in the pool and concealed Defendants' misappropriation of their monies." (*Id.*) Defendants also "misappropriated at least $1.25 million of the participants' monies" for their own benefit. (*Id.* at 2, 13–14.) While this fraudulent conduct took place, STA Opus was not registered with the Commission as a commodity pool operator. (*Id.* at 2.) Also, Collins and Suite were not registered with the Commission as associated persons of STA Opus. (*Id.* at 3.)

So on August 8, 2016, the Commission filed this lawsuit against Collins, Suite, and STA, alleging the following five claims for relief:

> (1) Violations of Section 4b(a)(1)(A),(C) of the Commodity Exchange Act (Fraud by Misrepresentations and Misappropriation)
> (2) Violations of Section 4b(a)(1)(B) of the Commodity Exchange Act (Fraud by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01461 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | UNITED STATES COMMODITY FUTURES TRADING COMMISSION v. FRANK J. COLLINS, ET AL. | | |

False Statements)
(3) Violations of Section 4o(1) of the Commodity Exchange Act (Fraud by a Commodity Pool Operator and by Associated Persons)
(4) Violations of Section 6(c)(1) of the Commodity Exchange Act and Regulation 180.1(a) (Fraud by Manipulative or Deceptive Devices or Contrivances)
(5) Violations of Sections 4m(1) and 4k(2) of the Commodity Exchange Act (Failure to Register as Commodity Pool Operator and Associated Persons).

The Commission seeks a restitutionary damages award on behalf of the defrauded investors, a statutory civil penalties award three-times the restitutionary damages amount, and a permanent injunction.

### 3. ANALYSIS

#### 3.1 The Procedural Requirements of Rule 55(b) and Local Rule 55-1

To get a default judgment under Rule 55(b), a plaintiff must establish (1) when and against what party default was entered; (2) the identity of the pleading underlying the default; (3) that the defendant is not incompetent, an infant, or a member of the military; and (4) in some cases, that the defendant has been served with written notice of the application for judgment and the amount sought. Fed. R. Civ. P. 55(b)(2); L.R. 55-1.

The Commission has satisfied the relevant requirements of Rule 55(b) and related Local Rules. Default was entered against Suite and STA on October 6, 2016. (Dkt. No. 28.) The Commission's attorney, Diane M. Romaniuk, declares that Suite is "currently in the custody of the Santa Ana Jail" after entering "a guilty plea to four counts of mail fraud" that were "based on substantially the same facts alleged" in this lawsuit. (Romaniuk Decl., Dkt. No. 58-1 at 2–3.) She declares that Suite is "not an infant or an incompetent" and "is not in the service of the military," and that "Defendant STA Opus is a limited liability company." (*Id.* at 3.) She also declares that she served Suite by mail at the Santa Ana jail on September 27, 2017, and that she served STA through its registered agent by mail on the same day. (*Id.* at 3–4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01461 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | UNITED STATES COMMODITY FUTURES TRADING COMMISSION v. FRANK J. COLLINS, ET AL. | | |

### 3.2  The *Eitel* Factors

Courts look to several factors—referred to as the *Eitel* factors—to determine if default judgment is appropriate, including (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Considering these factors, the Court concludes that default judgment is appropriate here. First, the Commission has demonstrated that it will be prejudiced absent a default judgment. The Commission maintains an interest in enforcing the provisions of the Commodities Exchange Act. The remedies the Commission seeks further this interest, as they include restitutionary damages for the defrauded investors and an injunction preventing further violations.

The second and third factors also weigh in favor of default judgment, as the Commission's substantive claims are meritorious and the complaint is sufficient on its face. Though served in this case, Suite and STA didn't challenge the allegations in the complaint. And the Commission submitted over 500 pages of documents that support their claims. Among other things, these documents include a declaration from at least one defrauded investor, (Dkt. No. 60–4), STA's trading account records, (*see, e.g.*, Dkt. No. 60-3, at 131), trading registration records for Suite and STA, (Dkt. No. 60-1 at 19–22), and STA's falsified performance documents sent to entice investors. (*See, e.g.*, Dkt. No. 60-6 at 330, 530.)

Fourth, the amount of money in this case is significant, but in line with the penalties provided by the Commodities Exchange Act and the amounts in the complaint. The Commissions asks the Court to order Suite and STA to pay, joint and severally, $1,127,855 in restitution, equaling the amount they misappropriated from investors. (Mot., Dkt. No. 59 at 26.) The Commissioner also asks the Court to order them to pay, joint and severally, $3,383,565, which is triple the amount Suite and STA misappropriated. (*See* Dkt. No. 59

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-01461 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | UNITED STATES COMMODITY FUTURES TRADING COMMISSION v. FRANK J. COLLINS, ET AL. | | |

26–27.) Though these are large amounts of money, the Commission's complaint included the allegation that Suite and STA had misappropriated $1.25 million and asked for restitution and triple statutory damages based on that figure. (Compl., Dkt. No. 1 at 21, 25.) The current restitutionary damages request is slightly lower than that amount.

The fifth and sixth factors also favor default judgment. It's unlikely that there will be a dispute of the material facts at issue in this case. And the possibility of excusable neglect here is particularly unlikely because Suite and STA were properly served with the lawsuit and have actual notice of it. *See Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010) (finding default was not due to excusable neglect when defendants were properly served and aware of pending litigation).

Finally, the seventh *Eitel* factor also favors default judgment. There is a strong policy for deciding disputes on the merits. *Eitel*, 782 F.2d at 1471–72. But "this preference, standing alone, is not dispositive." *PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314 (N.D. Cal. 1996)). Rule 55 allows courts to decide a case before the merits are heard when "a decision on the merits [is] impractical, if not impossible." *Id.* Since Suite and DTA have failed to respond to the Commission's complaint despite having actual notice, a decision on the merits is untenable.

### 3.3 Requested Remedies

Plaintiff requests (1) $1,127,855 in restitutionary damages, (2) $3,383,565 in statutory penalties, and (3) a permanent injunction. Plaintiff's requested money damages are appropriate under the Commodities Exchange Act. *See* 7 U.S.C. § 13a-1(d)(1), (3). The Commission has been careful to provide a dollar-for-dollar credit to the restitutionary award for any amounts Suite might pay the defrauded investors in restitution after his criminal case. (Dkt. No. 58-1 at 17.)

Concerning the injunction, the Commission requests that the Court enjoin Suite and STA from violating the at-issue Commodities Exchange Act provisions and regulations. (Dkt. No. 58-2 at 15–16.) Further, the Commission asks the Court to enjoin Suite and STA from,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-01461 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | UNITED STATES COMMODITY FUTURES TRADING COMMISSION v. FRANK J. COLLINS, ET AL. | | |

among other things, owning or trading commodities (as defined by the relevant regulations) in the future. (Dkt. No. 58-2 at 16–17.) The Commission "is entitled to a permanent injunction upon a showing that a violation has occurred and is likely to continue unless enjoined." *U.S. Commodity Futures Trading Com'n v. Driver*, 877 F. Supp. 2d 968, 981 (C.D. Cal. 2012) (citations omitted). Based on the nature of this case, the Court concludes that an injunction is appropriate.

## 3. DISPOSITION

Accordingly, the Court GRANTS the motion for a default judgment. (Dkt. No. 58.) The Court will sign and issue the Commission's Proposed Order for Final Judgment after issuing this Order.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |